**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000371
17-OCT-2025
08:17 AM
Dkt. 51 SO

NO. CAAP-23-0000371

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CRAIG STEPHEN MACDONALD, Petitioner-Appellant,
v.
STATE OF HAWAIʻI, Respondent-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CPN-22-0000001 (3PC08100372K))

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, McCullen and Guidry, JJ.)

Petitioner-Appellant Craig Stephen **MacDonald** appeals from the Circuit Court of the Third Circuit's May 30, 2023 Final Judgment denying his Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40 "Petition to Vacate, Set Aside, or Correct [Judgment] or to Release Petitioner from Custody" (**Petition**).[1] (Formatting altered.)

---

[1] The Honorable Jeffrey A. Hawk presided.

On appeal, MacDonald contends the circuit court erred, inter alia, by failing to notify his counsel of the April 26, 2023 status conference.[2]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below and vacate and remand.

In 2022, MacDonald filed the HRPP Rule 40 Petition underlying this appeal, his second petition. The Petition asserted he was denied credit for time spent in custody and three grounds of ineffective assistance of counsel.

Determining that "one or more of [MacDonald's] claims may not be patently frivolous[,]" the circuit court ordered the State to respond and permitted MacDonald's counsel to reply. The circuit court also set a status conference for March 29, 2023.

In compliance with the circuit court's order, the State filed a response and MacDonald filed a reply. The State also filed a supplemental response. However, MacDonald's counsel failed to appear at the March status conference purportedly due to a calendaring error.

---

[2] MacDonald also contends the circuit court erred by failing to comply with HRPP Rule 40(e) and finding the issues raised were previously ruled upon, waived, or frivolous. Based on our decision below, we need not reach these contentions.

Apparently, the circuit court held an additional status conference on April 26, 2023. MacDonald's counsel again did not appear. The record does not indicate MacDonald was given notice of the April status conference. At the conclusion of the April status conference, the circuit court denied the Petition and later entered its findings, conclusions, and order denying the Petition (**Denial Order**).

The Denial Order (drafted by the State) denied the Petition citing counsel's failure to appear at the status conferences as well as on substantive legal grounds. In the Denial Order, the circuit court recounted the history of the status conferences and implied the denial was the result of the second non-appearance, as follows:

> <u>WHEREAS</u>, a status conference was held on March 29, 2023, before the Honorable Jeffrey A. Hawk, Judge of the above-entitled court. [The State] was present for the status conference, but [MacDonald] and his counsel were not.
>
> <u>WHEREAS</u>, a further status conference was held on April 26, 2023, before Judge Hawk. [The State] was present for the status conference, but [MacDonald] and his counsel were not.
>
> <u>ACCORDINGLY</u>, at the conclusion of the status conference on April 26, 2023, Judge Hawk SUMMARILY DENIED the instant petition and instructed [the State] to prepare an appropriate order for the court.

(Emphases added.) The circuit court reiterated the non-appearances in findings of fact 7 through 9, as follows:

> 7) On March 29, 2023, a status conference was held before the Honorable Jeffrey A. Hawk, Presiding Judge. [The State] was present for the status conference, but [MacDonald] and his counsel were not;
>
> 8) A further status conference was held on April 26, 2023, before Judge Hawk. [The State] was present for the status conference, but [MacDonald] and his counsel were not;
>
> 9) [MacDonald's counsel] neither notified the Court nor [the State] regarding his availability or non-availability for the status hearings on March 29th and April 26th.

(Formatting altered.)

MacDonald timely appealed. On appeal, MacDonald argues his right to due process was violated when the circuit court failed to notify him of the April status conference.

"The basic elements of procedural due process are notice and an opportunity to be heard at a meaningful time and in a meaningful manner." Mauna Kea Anaina Hou v. Bd. of Land & Nat. Res., 136 Hawaiʻi 376, 389, 363 P.3d 224, 237 (2015).

Though MacDonald's counsel missed the March status conference through his own fault, the underlying record contains no docket entries regarding the April status conference. The record also contains no entries indicating MacDonald was given notice of the April status conference.

Because the record does not show MacDonald was given notice of the April status conference, and the failure to appear at the April status conference seemingly contributed to the denial of the Petition, MacDonald's due process rights were

violated.  On remand, MacDonald should be placed in the position he would have been in had the due process violation not occurred.  See State v. Pitts, 131 Hawaiʻi 537, 544 n.6, 319 P.3d 456, 463 n.6 (2014) ("The remand we order seeks only to place Pitts in the position he would have been in had the constitutional violation never occurred.").

Based on the foregoing, we vacate the circuit court's May 8, 2023 Denial Order and May 30, 2023 Final Judgment.  We remand this case to the circuit court for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, October 17, 2025.

On the briefs:

Earle A. Partington,
for Petitioner-Appellant.

Stephen L. Frye,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Respondent-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge